UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANA GHOREISHIAN AND REED DICKSON,

                              Plaintiffs,

                -against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER, OFFICER ZAKA REHMAN, Shield No. 00820; and NEW YORK CITY POLICE OFFICER JOSHUA KIESS, Shield No. 01095; individually and in their official capacities; and JOHN DOES 1-10, New York City Police Officers, Supervisors and/or Commanders, individually and in their official capacities,

                              Defendants.

------------------------------------------------------------------------ x

08 CV 5296 (VM)

ANSWER

JURY TRIAL DEMANDED

        Defendants City of New York, Police Officer Zaka Rehman, and Joshua Kiess by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated June 10, 2008, respectfully state, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs have commenced an action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint.

        3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs are seeking certain relief as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to seek declaratory relief.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiffs purport to base venue in this district as stated therein.

8. State that the allegations set forth in paragraph "8" of the Complaint purport to make a jury demand which does not require a response.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York and that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiffs to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Zaka Rehman is and was on August 11, 2006 employed by the City as a police officer.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Joshua Kiess was on August 11, 2006 employed by the City as a police officer.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Zaka Rehman is and was on August 11, 2006 employed by the City as police officer, and Joshua Kiess was on August 11, 2006 employed by the City as a police officer.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except state that the allegations regarding the individual defendants "acting n the course and scope of his duties and functions" as City employees are legal conclusions that do not require a response.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except state that the allegations regarding the individual defendants acting "for and on behalf of" the City or "incidental to the lawful pursuit of their duties" as employees of the City are legal conclusions that do not require a response.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Ghoreishian was taken to the ground.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Dickson was handcuffed and placed in the back seat of a police vehicle.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Jones was arrested and taken to the 6th Precinct.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding treatment at Bellevue Hospital and the lengths of the detentions, and admit that plaintiffs were handcuffed, placed in the back seat of a police vehicle and transported to the 6th Precinct where Ghoreishian was handcuffed to a bench.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs court appearances and the ACD's.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint and its subparts.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat the responses set forth in the previous of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that on or about November 13, 2006 the City's Comptroller's Office received documents purporting to be Notices of Claim on behalf of plaintiffs, that more than thirty days have passed since service of the notices, that plaintiffs' 50-H hearings have been taken, and that plaintiffs' claims have not been adjusted or paid.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Plaintiffs provoked or were at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Any injuries alleged to have been sustained resulted from plaintiffs own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was

not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. There was probable cause to arrest, detain and prosecute plaintiffs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Defendants Rehman and Kiess have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiffs' failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. At all times relevant to the acts alleged in the Complaint, defendants Rehman and Kiess acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' state law claims are barred in whole or in part under the statutes of limitations.

WHEREFORE, defendants City of New York, Police Officer Zaka Rehman and Joshua Kiess demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court

may deem just and proper.

DATED:     New York, New York
           September 2, 2008

                                    Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
CITY OF NEW YORK, POLICE OFFICER
ZAKA REHMAN and JOSHUA KIESS
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
    Barry Myrvold

By ECF to:
Jonathan Moore
Beldock, Levine & Hoffman
*Attorneys for Plaintiffs*
99 Park Avenue, 16th Floor
New York, New York 10016
(212) 490-0400